UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BETTY YOUNG,                               Case No. _____

      Plaintiff,

vs.

CENTURION OF FLORIDA, LLC and
MHM HEALTH PROFESSIONALS,
LLC,

      Defendants.
_____/

## COMPLAINT

Plaintiff Betty Young sues Defendants Centurion of Florida, LLC and MHM Health Professionals, LLC, and alleges:

## Nature of the Action

1. This is an action to remedy unlawful race discrimination and retaliation under 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and Florida Statutes § 760.01, *et seq.*

## Parties

2. At all material times, Plaintiff Betty Young was a resident of Escambia County, Florida. Plaintiff is a member of a protected class because of her race (African-American) and because she reported and/or opposed unlawful employment practices.

3. Defendant Centurion of Florida, LLC ("Centurion") is a Florida limited liability company organized and existing under the laws of the State of Florida. At all material times, Centurion has been an "employer" as that term is used under the applicable laws.

4. Defendant MHM Health Professionals, LLC ("MHMHP"), is a foreign limited liability company authorized and doing business in the State of Florida. At all material times, MHMHP has been an "employer" as that term is used under the applicable laws.

## Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States.

6. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## Conditions Precedent

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## Factual Allegations

9. Centurion and MHMHP jointly employed Plaintiff.

10. Plaintiff began her employment with Defendants in November 2018 as an Activities Technician at the Santa Rosa Correctional Institution ("SRCI") in Milton, Florida.

11. On April 9, 2019, Plaintiff walked into the medical offices at SRCI and saw several Corrections Officers huddled over an African-American inmate who appeared to have been beaten. Plaintiff recognized the inmate as one who also had been beaten by Corrections Officers in January 2019.

12. As Plaintiff was leaving the medical offices, she heard someone refer to her as "black bitch."

13. Plaintiff immediately reported the incident to her supervisor, who instructed Plaintiff to prepare an incident report and submit it to her supervisor for her review. Plaintiff did as her supervisor instructed. She later learned that her supervisor had deleted from the report that Plaintiff had heard someone refer to her as "black bitch."

14. On April 10, 2019, Plaintiff was suspended pending an investigation.

15. On April 23, 2019, Plaintiff's employment was terminated.

## COUNT 1
### RACE DISCRIMINATION

16. Plaintiff realleges paragraphs 1 through 15 above.

17. Plaintiff has been discriminated against because of her race in that she was treated differently than similarly situated non-African-American employees based, at least in part, on her race.

18. Defendants are liable for the differential treatment towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or they knew or should have known about those actions or inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses of Plaintiff.

19. Defendants also knowingly condoned and ratified the differential treatment of Plaintiff because they allowed and/or participated in the differential treatment.

20. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendants and constitutes adverse employment action.

21. Defendants' acts and omissions constitute intentional discrimination and unlawful employment practices based on race, in violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000e, *et seq.*, and Florida Statutes § 760.01, *et seq*.

22. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

23. Plaintiff is entitled to recover her attorney's fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Florida Statutes § 760.11(5).

## COUNT 2
### RETALIATION

24. Plaintiff realleges paragraphs 1 through 15 above.

25. Plaintiff reported and/or opposed unlawful employment practices during her employment with Defendants.

26. Defendants retaliated against Plaintiff for reporting and/or opposing the unlawful employment practices.

27. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

28. Plaintiff is entitled to recover her attorney's fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Florida Statutes § 760.11(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants awarding compensatory damages, punitive damages, pre- and post-judgment interest, attorney's fees, and costs; granting equitable relief mandating Defendants' obedience to the laws enumerated above and permanently enjoining Defendants from future violations of those laws; and granting such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters so triable.

DATED:  September 14, 2020

**TEIN MALONE PLLC**

*/s/ Gaye L. Huxoll*
Gaye L. Huxoll
Florida Bar No. 149497
ghuxoll@teinmalone.com
(305) 442-1101

*Counsel for Plaintiff*