UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BETTY YOUNG,   Case No. 3:20cv5818-TKW/EMT
    *Plaintiff,*

v.

CENTURION OF FLORIDA, LLC, et al.,
    *Defendants.*
_____/

# JOINT DISCOVERY PLAN AND SCHEDULING REPORT

The parties submit this Joint Discovery Plan and Scheduling Report pursuant to the Court's Order of November 12, 2020 (Doc. 15).

The following persons participated in a Rule 26(f) conference by electronic mail on December 10, 2020:

    (a)    Gaye L. Huxoll, representing Plaintiff

    (b)    Catherine H. Molloy, representing Defendants

**1.    Magistrate Judge Jurisdiction**

The parties have conferred regarding this issue.

**2.    Nature and Basis of Claims and Defenses**

Plaintiff alleges that Defendants violated state and federal law by discriminating against her based on her race and retaliating against her for reporting and/or opposing unlawful conduct.

ACTIVE 54136126v1

Defendants deny that they violated any state or federal law by discriminating or retaliating against Plaintiff and assert that any and all actions taken by Defendants, or by their employees, agents, and/or representatives were taken for legitimate, non-discriminatory and non-retaliatory reasons.

The principal factual and legal issues in dispute are:

a. Whether Plaintiff satisfied all conditions precedent to suit.

b. Whether Defendant Centurion of Florida, LLC was Plaintiff's employer.

c. Whether Defendants intentionally discriminated against Plaintiff based on her race.

d. Whether Defendants would have taken the same action regardless of Plaintiff's race and/or alleged protected activity.

e. Whether Plaintiff is entitled to compensatory damages and, if so, the amount.

f. Whether Plaintiff has mitigated her damages.

g. Whether Plaintiff was treated less favorably than similarly situated non-African-American employees based on her race.

h. Whether Plaintiff was subjected to hostility and poor treatment based on her race.

i. Whether Plaintiff reported and/or opposed unlawful conduct or unlawful employment practices.

    j.    Whether Defendants retaliated against Plaintiff for reporting and/or opposing unlawful conduct or unlawful employment practices.

    k.    Whether Defendants had legitimate, non-discriminatory and non-retaliatory reasons for the actions they took with respect to Plaintiff's employment.

    l.    Whether Defendants' proffered reasons for their actions are pretextual.

    m.    Whether Defendants would have taken the same action regardless of Plaintiff's alleged protected activity.

    n.    Whether Defendants took steps to correct or rectify any alleged wrongdoing.

**3.    Likelihood of Settlement or Resolution**

At this time, the parties do not believe early settlement is likely or that mediation would be helpful before at least some discovery has taken place. The parties agree to continuously explore the possibility of settlement or resolution through mediation at a later date.

**4.    Proposed Timetables and Cutoff Dates**

    a.    The parties propose as follows:

        (1)    Other parties should be joined by **March 31, 2021**.

        (2)    Pleadings should be amended by **March 31, 2021**.

(3) All motions and responses shall be filed in accordance with the Court's Initial Scheduling Order and the applicable rules.

b. The parties propose the following revisions to the Court's Initial Scheduling Order:

(1) Absent leave of Court, Plaintiff's Rule 26(a)(2) expert disclosures shall be made by **March 8, 2021**, Defendants' expert disclosures shall be made by **April 15, 2021**, and Plaintiff's rebuttal reports, if any, shall be made by **April 29, 2021**.

(2) Discovery shall be completed by **June 15, 2021.**

**5. Discovery Plan and Requirements**

The parties will make the initial disclosures required by Rule 26(a)(1) on/by **January 5, 2021.**

The parties agree that written discovery and depositions are needed concerning Plaintiff's claims and Defendants' defenses. The parties have agreed that discovery in this case and the four related cases pending before this Court styled *Darsell Harris v. Centurion of Florida, LLC, et al.*, Case No. 19cv4939, *Henry Conner v. Centurion of Florida, LLC, et al.,* Case No. 20cv5263, *Clifton Richard v. Centurion of Florida, LLC, et al.*, Case No. 20cv5686, and *Tracy Bowen v. Centurion of Florida, LLC, et al.*, Case No. 20cv5823, should be consolidated such that discovery obtained in one case may be used in the

4

others. The parties do not believe that discovery should be conducted in phases or limited in any respect.

Other than as set forth above, the parties do not currently have any proposed changes to the discovery procedures set out in the Court's Initial Scheduling Order or in the applicable rules.

**6. Production of Electronically Stored Information**

a. The parties anticipate requesting electronically stored information ("ESI") that is reasonably available to the parties in the ordinary course of business.

b. Information that is not reasonably available will be identified in the party's discovery responses. Should the requesting party desire that sources identified as not reasonably available be searched for discoverable information, the costs of said search will be borne by the requesting party unless otherwise ordered by the Court.

c. All ESI shall be produced in hardcopy format or on a CD/removable drive. The parties will preserve true and correct copies of all ESI that is responsive to another party's discovery requests, and will produce such copies at a mutually agreed time and/or place.

  d. The parties agree to take reasonable steps, and to adjust retention practices accordingly, to preserve ESI related to the claims and defenses asserted in the pleadings.

  e. The parties will assert any claims of privilege or attorney work product over ESI in their written discovery responses. To the extent any such privileged information is inadvertently produced, the producing party shall identify such information as soon as possible after the production and the receiving party will immediately return or destroy such information and will take reasonable steps to retrieve the information from third parties, including expert witnesses. Should the receiving party dispute the designation of information as privileged or protected work product, she or it will promptly meet and confer with the producing party in an effort to resolve the dispute. If the dispute is not resolved, the receiving party may file an appropriate motion.

  f. The parties do not anticipate other problems arising in connection with ESI discovery but will make a good-faith effort to resolve any such matters that may arise.

  g. The parties agree to limit ESI searches to 7 custodians and 7 search terms.

### 7. Estimate of Trial Date

The parties estimate that the case will be ready for trial on or about October 1, 2021. The parties believe that approximately 5 days will be needed for trial. Trial will be jury.

### 8. Other Matters Unique or Specific to the Case

As noted above, this case is related to four other actions against Defendants pending before this Court.

The parties are not currently aware of any other matters unique or specific to this case.

### 9. Complex Litigation

The parties do not believe that this case should be made subject to the Manual for Complex Litigation.

Respectfully submitted this 11th day of December, 2020.

| | |
|---|---|
| **TEIN MALONE PLLC** | **GREENBERG TRAURIG, P.A.** |
| By: */s/ Gaye L. Huxoll* <br> Gaye L. Huxoll <br> Florida Bar No. 149497 <br> ghuxoll@teinmalone.com <br> (305) 442-1101 <br><br> *Counsel for Plaintiff* | By: */s/ Catherine H. Molloy* <br> Richard C. McCrea, Jr. <br> Florida Bar No. 351539 <br> mccrear@gtlaw.com <br> Catherine H. Molloy <br> Florida Bar No. 003500 <br> molloyk@gtlaw.com <br> Cayla M. Page <br> Florida Bar No. 1003487 <br> pagec@gtlaw.com <br> (813) 318-5700 <br><br> *Counsel for Defendants* |

7

ACTIVE 54136126v1

*ACTIVE 54136126v1*